UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ELIJAH LEV S., | Case No. 3:20-cv-01089-AR |
| Plaintiff, | **ORDER ON ATTORNEY FEES UNDER 42 U.S.C. § 406(b)** |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**ARMISTEAD, Magistrate Judge**

Plaintiff Elijah Lev S. (last name omitted for privacy) brought this action seeking review of the Commissioner's final decision denying his application for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act.[1] On December 22, 2022, the court issued an opinion and order that reversed the Commissioner's final

---

[1] The parties have consented to jurisdiction by magistrate judge as permitted by 28 U.S.C. § 636(c)(1).

Page 1 – ORDER ON ATTORNEY FEES UNDER 42 U.S.C. § 406(b)

decision and remanded the case for an immediate calculation and payment of benefits. Previously, the court awarded $8,750 to plaintiff's counsel under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

Plaintiff's counsel, George J. Wall, now seeks approval of $15,688 in attorney fees, under 42 U.S.C. § 406(b), which represents 25 percent of plaintiff's past-due benefits, less the amounts previously received under the EAJA, for a net award of $6,938. (Pl.'s Pet. Attorney Fees, ECF No. 40.) The Commissioner neither supports nor opposes the fee request.

## DISCUSSION

Under 42 U.S.C. § 406(b), the court may allow a reasonable fee for an attorney who represented a Social Security claimant and obtained a favorable judgment, as long as the fee does not exceed 25 percent of the total past-due benefits. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) (providing that the agency withholds a pool of 25 percent of a claimant's past due benefits to pay attorney fees). When a contingency fee agreement applies, the court will look first to the agreement and conduct an independent review to assure the reasonableness of the fee requested, taking into consideration the character of the representation and results achieved. *See Gisbrecht*, 535 U.S. at 807-08. Although the fee agreement is the primary means for determining the fee, the court may reduce the fee for substandard representation, delay by the attorney, or because a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Gisbrecht*, 535 U.S. at 808).

The court has reviewed the record in this case, the motion, and the supporting materials, including the award of benefits, the fee agreement with counsel, and the recitation of counsel's

hours and services. Plaintiff agreed to pay counsel fees of 25 percent of any past-due benefits awarded to her. (Pl. Pet. Ex. B, ECF No. 40-3.) The amount sought by counsel, $15,688, is 25 percent of the past-due award of $62,752. (*Id.* Attach. 2, ECF 27-2.) The representation was not substandard and the results achieved were excellent. As a result of counsel's efforts, this court remanded the case for an immediate payment of benefits. There is no evidence of delay or that a windfall will result from the requested fee. Moreover, the Commissioner has no objection to the amount of the award. Applying the standards set by *Gisbrecht*, the court finds that the requested fees are reasonable.

## CONCLUSION

Plaintiff's Petition for Attorney Fees Under 42 U.S.C. § 406(b) (ECF No. 40) is GRANTED. Plaintiff's counsel, George J. Wall, is awarded $15,688 in attorney fees under 42 U.S.C. § 406(b). When issuing the § 406(b) check for payment to plaintiff's counsel, the Commissioner is directed to subtract $8,750, the previously received EAJA fees, and send Mr. Wall the balance of $6,938, less any applicable processing fee prescribed by law. The § 406(b) check should be mailed to George J. Wall, 825 NE 20th Avenue, Suite 330, Portland, OR 97232.

DATED: April 2, 2024.

_____
JEFF ARMISTEAD
United States Magistrate Judge